1

**SCHNEBERG LAW PC**
Kyle P. Schneberg, SBN 239325
kyle@schneberglaw.com
2916 W 164th Street
Torrance, California 90504
(310) 359-9090

**BOHRER & LUKEMAN, PLLC**
Abram I. Bohrer, NY SBN 2447530
David A. Zeitzoff, NY SBN 5309224
5 Columbus Circle, Suite 1501
New York, New York 10019
(212) 406-4232
*Forthcoming Pro Hac Vice Application*

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| LISA RICHARDSON, | **Case No.: 24-cv-3036** |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY TRIAL DEMAND** |
| VIRGIN ATLANTIC AIRWAYS LIMITED, | |
| Defendant | |

1.      The Plaintiff, LISA RICHARDSON, by her attorneys, SCHNEBERG LAW PC and BOHRER & LUKEMAN, PLLC,  as and for her complaint against the Defendants, VIRGIN ATLANTIC AIRWAYS LIMITED, alleges the following upon information and belief:

## JURISDICTION AND VENUE

2.      Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331.

1
COMPLAINT AND JURY TRIAL DEMAND

insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter known as "the Montreal Convention").

3.    *In personam* jurisdiction and venue are proper in this district insofar as in or about April 22-23, 2024, VIRGIN ATLANTIC AIRWAYS LIMITED ("Virgin"), a common carrier of passengers by air, had offices and transacted business within California; purposefully availed itself of the privilege of conducting activities within California; the travel which led to the events, actions, and omissions which form the basis of this action originated and concluded in California; a substantial part of the events or omissions giving rise to this claim occurred in California; and this cause of action arises out of and/or relates to United's contacts with California.

### DIVISIONAL ASSIGNMENT

4.    Pursuant to Civil L.R. 3-2, assignment of this matter is appropriate for the San Jose Division, because the circumstances of the action arise in the county of San Francisco.

### THE PARTIES

5.    Plaintiff resides in Oakland, California.

6.    At all times mentioned herein, Virgin is a foreign corporation organized under the laws of the United Kingdom, with its principal place of business at British Isles, The VHQ, Fleming Way, Crawley, West Sussex, RH10 9DF, and its registered agents located at 330 N Brand Boulevard, Glendale, California.

7.    In or about the time of the incident herein, Virgin operated multiple flights to and from the State of California.

2
COMPLAINT AND JURY TRIAL DEMAND

8.      In or about the time of the incident herein, Virgin sold airline tickets in, operated aircraft to and from, shipped cargo to and from, transacted business within, and thus derived substantial revenue daily from the State of California.

9.      In or about the time of the incident herein, Virgin advertised, solicited and otherwise marketed the sale of commercial airline travel in various mediums within the State of California.

10.     In or about the time of the incident herein, Virgin purposefully availed itself of the privilege of conducting activities within the State of California.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST VIRGIN

11.     On or about April 22-23, 2024, at or near the time of the events complained of herein, Virgin transacted business as a common carrier of passengers by air as defined by 14 CFR 110.2, and as such, was engaged in the business of transporting passengers for hire by air.

12.     Plaintiff's contract of carriage under which she was travelling at the time the instant cause of action arose ("the contract of carriage") was purchased, originated in, and concluded in California.

13.     On or about April 22-23, 2024, Virgin operated and controlled a certain jet aircraft designated as VS Flight 42 from San Francisco International Airport, San Francisco, California (SFO) to London Heathrow International Airport, Hounslow, United Kingdom (LHR) ("the subject flight").

14.     On or about April 22-23, 2024, Plaintiff was a fare-paying passenger lawfully aboard the subject flight.

3

15.     On or about April 22-23, 2024, while seated aboard the subject flight, Plaintiff was injured as the result of an accident.

16.     Specifically, during the course of the subject flight, Plaintiff was burned as the result of contact with scalding hot liquid.

17.     Plaintiff's injuries resulted from an accident pursuant to Article 17 of the Montreal Convention, in that the injuries were caused by an unexpected or unusual event or happening external to the Plaintiff, and not by her internal reaction to the normal operation of the aircraft.

18.     As a result of said accident, Plaintiff was injured.

19.     As a result of said accident, Plaintiff was seriously injured.

20.     As a result of said accident, Plaintiff was permanently injured.

21.     As a result of said accident, Plaintiff suffered great pain, agony and mental anguish, including permanent scarring and/or skin discoloration, and in the future shall continue to suffer from same.

22.     As a result of said accident, Plaintiff suffered economic loss and, in the future, shall continue to suffer from same.

23.     As a result of said accident, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

24.     As a result of said accident, Plaintiff will be forced to expend sums of money on medical treatment in the future.

25.     As a result of said accident, Plaintiff was deprived of her enjoyment of life, pursuits, and interests and in the future shall continue to be deprived of same.

COMPLAINT AND JURY TRIAL DEMAND

26.     As a result of the foregoing, Defendant is liable to pay full, fair, and reasonable damages to Plaintiff pursuant to the Montreal Convention.

27.     Pursuant to Article 21 of the Montreal Conventions, Defendant cannot meet its burden of proving that neither its negligence, nor that of its agents, did not cause or contribute to the accident and the resulting injuries to Plaintiff.

28.     Pursuant to Article 21 of the Montreal Convention, Defendant cannot meet its burden of proving that the injuries suffered by the Plaintiff were caused solely by the acts of third parties who were not its agents.

**WHEREFORE**, Plaintiff LISA RICHARDSON demands judgment against Defendant VIRGIN ATLANTIC AIRWAYS LIMITED in an amount to be determined at trial, together with interest, costs and disbursements of this action.

///

///

COMPLAINT AND JURY TRIAL DEMAND

## **JURY DEMAND**

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: May 20, 2024                    SCHNEBERG LAW P.C.


                        *-s- Kyle P. Schneberg*

By:_____

            Kyle P. Schneberg, Esq.
            Schneberg Law P.C.
            2916 W 164th Street
            Torrance, California 90504
            (310) 359-9090
            BOHRER & LUKEMAN, PLLC


By:_____

            Abram I. Bohrer, Esq.
            David  A. Zeitzoff, Esq.
            Bohrer and Lukeman
            5 Columbus Circle, Suite 1501
            New York, New York 10019
            (212) 406-4232
            *Forthcoming Pro Hac Vice Application*

            *Attorneys for Plaintiff*

COMPLAINT AND JURY TRIAL DEMAND