Kevin R. Sutherland (State Bar No. 163746)
Autumn E. Lewis (State Bar No. 295584)
Celia K. Rosas (State Bar No. 327453)
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600
Facsimile: (213) 358 7650
Email: kevin.sutherland@clydeco.us
       autumn.lewis@clydeco.us
       celia.rosas@clydeco.us

Attorneys for Defendant
VIRGIN ATLANTIC AIRWAYS LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA RICHARDSON | Case No. 24-cv-03036-LB |
| Plaintiff, | *Assigned to Hon. Laurel Beeler* |
| v. | ANSWER OF DEFENDANT VIRGIN ATLANTIC AIRWAYS LIMITED TO PLAINTIFF'S COMPLAINT |
| VIRGIN ATLANTIC AIRWAYS LIMITED, | |
| Defendant. | |
| | Action filed: May 20, 2024 |

Defendant Virgin Atlantic Airways Limited (hereinafter "VAA") by and through its counsel of record, Clyde & Co US LLP, hereby answers plaintiff's Complaint as follows:

1. To the extent the allegations contained in paragraph 1 are directed to VAA, VAA denies said allegations.

**AS TO THE ALLEGATIONS REGARDING**

**JURISDICTION AND VENUE**

2. As to the allegations contained in paragraph 2 of plaintiff's Complaint, VAA admits that this matter arises under the Convention for the Unification of Certain Rules for International Carriage by Air (known as the "Montreal Convention").

3. As to the allegations contained in paragraph 3 of plaintiff's Complaint, VAA denies said allegations except VAA admits that it is an entity organized and existing under the laws of the United Kingdom, it is an air carrier that provides international carriage of passengers and baggage by air and this matter arises under the Convention for the Unification of Certain Rules for International Carriage by Air (known as the "Montreal Convention").

## AS TO THE ALLEGATIONS REGARDING DIVISIONAL ASSIGNMENT

4. As to the allegations contained in paragraph 4 of plaintiff's Complaint, VAA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

## AS TO THE ALLEGATIONS REGARDING THE PARTIES

5. As to the allegations contained in paragraph 5 of plaintiff's Complaint, VAA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

6. As to the allegations contained in paragraph 6 of plaintiff's Complaint, VAA admits said allegations.

7. As to the allegations contained in paragraph 7 of plaintiff's Complaint, VAA denies said allegations except admits that it operates flights to and from California.

8. As to the allegations contained in paragraph 8 of plaintiff's Complaint, VAA denies said allegations.

9. As to the allegations contained in paragraph 9 of plaintiff's Complaint, VAA denies said allegations.

10. As to the allegations contained in paragraph 10 of plaintiff's Complaint, VAA denies said allegations.

/ /

## AS TO THE ALLEGATIONS REGARDING
## THE FIRST CAUSE OF ACTION

11. As to the allegations contained in paragraph 11 of plaintiff's Complaint, VAA denies said allegations.

12. As to the allegations contained in paragraph 12 of plaintiff's Complaint, VAA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

13. As to the allegations contained in paragraph 13 of plaintiff's Complaint, VAA denies said allegations, except admits that it operated flight No. 42 from San Franciso to Heathrow on or about April 22-23, 2024.

14. As to the allegations contained in paragraph 14 of plaintiff's Complaint, VAA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

15. As to the allegations contained in paragraph 15 of plaintiff's Complaint, VAA denies said allegations.

16. As to the allegations contained in paragraph 16 of plaintiff's Complaint, VAA denies said allegations.

17. As to the allegations contained in paragraph 17 of plaintiff's Complaint, VAA denies said allegations.

18. As to the allegations contained in paragraph 18 of plaintiff's Complaint, VAA denies said allegations.

19. As to the allegations contained in paragraph 19 of plaintiff's Complaint, VAA denies said allegations.

20. As to the allegations contained in paragraph 20 of plaintiff's Complaint, VAA denies said allegations.

21. As to the allegations contained in paragraph 21 of plaintiff's Complaint, VAA denies said allegations.

22. As to the allegations contained in paragraph 22 of plaintiff's Complaint,

VAA denies said allegations.

23. As to the allegations contained in paragraph 23 of plaintiff's Complaint, VAA denies said allegations.

24. As to the allegations contained in paragraph 24 of plaintiff's Complaint, VAA denies said allegations.

25. As to the allegations contained in paragraph 25 of plaintiff's Complaint, VAA denies said allegations.

26. As to the allegations contained in paragraph 26 of plaintiff's Complaint, VAA denies said allegations.

27. As to the allegations contained in paragraph 27 of plaintiff's Complaint, VAA denies said allegations.

28. As to the allegations contained in paragraph 28 of plaintiff's Complaint, VAA denies said allegations.

## FIRST AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

29. Plaintiff's Complaint is barred because it fails to allege facts sufficient to state a cause of action against VAA upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

30. Plaintiff's Complaint should be dismissed or, in the alternative, stayed pursuant to the doctrine of forum *non conveniens*.

## THIRD AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

31. Plaintiff's action is barred because plaintiff lacks the standing and/or capacity to bring this action.

## FOURTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

32. Plaintiff's Complaint should be dismissed, or in the alternative, stayed

due to improper venue.

## FIFTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

33. Plaintiff's Complaint is barred by any and all applicable statutes of limitation and/or repose.

## SIXTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

34. Plaintiff's action is barred because plaintiff knowingly, voluntarily and freely assumed the risk of all activities alleged in plaintiff's Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

35. Plaintiff failed to mitigate her alleged damages, if any, and, therefore, plaintiff is barred from recovering any such damages from VAA.

## EIGHTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

36. Any injuries, damages or loss sustained by plaintiff, if such occurred, were proximately caused and/or contributed to by the fault or negligence of plaintiff, in that she did not exercise ordinary care on her own behalf and acted recklessly or carelessly at the time and place set forth in the Complaint. Accordingly, plaintiff's recovery, if any, should be denied or reduced by the amount of fault or negligence attributable to the conduct of plaintiff.

## NINTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

37. Plaintiff's damages, if any, are due to the acts or omissions of persons or entities other than VAA; however, in the event a finding is made that liability exists on the part of VAA, VAA is entitled to an allocation of liability and damages, indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

## TENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

38. If plaintiff is entitled to recover damages, which is denied, the amount of any damages should be reduced in whole or in part by the amounts received from any collateral source.

## ELEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

39. VAA's liability for non-economic damages, if any, is limited to that percentage of those damages that is in direct proportion to VAA's percentage of fault, in accordance with the provisions of Proposition 51, California Civil Code Section 1431.2.

## TWELFTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

40. The injuries and damages allegedly suffered by plaintiff are caused by intervening and superseding causes and were not caused by VAA.

## THIRTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

41. The damages sustained by plaintiff, if any, were the result of an unavoidable incident insofar as VAA is concerned and occurred without any negligence, want of care, default, or other breach of duty to plaintiff on the part of VAA.

## FOURTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

42. The claims and damages alleged by plaintiff are completely preempted by the Airline Deregulation Act of 1978, the Federal Aviation Act of 1958 and the Federal Aviation Regulations codified in Title 14 of the Code of Federal Regulations and, as a result thereof, plaintiff is barred from any recovery herein.

//

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: 213 358 7600

## FIFTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

43. Plaintiff's Complaint is barred by the doctrine of latches, waiver and/or estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

44. Plaintiff's Complaint is barred by the doctrine of accord and satisfaction and/or novation.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

45. The incident and damages alleged in plaintiff's Complaint were not proximately caused by any negligence or culpable conduct on the part of VAA.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

46. Plaintiff's Complaint for damages should be dismissed as speculative.

## NINETEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

47. The damages alleged in plaintiff's Complaint were proximately and totally caused by the sole negligence of plaintiff and, but for the aforesaid conduct, the incident and alleged damages would not have occurred.

## TWENTIETH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

48. The liability of VAA, if any, with respect to plaintiff's alleged damages is limited or excluded in accordance with VAA's conditions of carriage, conditions of contract and/or the provisions of its passenger rules and fares tariff.

/ /

/ /

/ /

## TWENTY-FIRST AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

49. The rights and liabilities of the parties in this action are exclusively governed by a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "the Montreal Convention").

## TWENTY-SECOND AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

50. The liability of VAA, if any, is limited or excluded in accordance with the provisions of the Montreal Convention, including, but not limited to:

   a. Article 17 of the Montreal Convention, in that plaintiff's alleged injuries were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention;

   b. Article 17 of the Montreal Convention, in that plaintiff's alleged injuries did not take place on board the aircraft or in the course of any of the operations of embarking or disembarking;

   c. Article 20 of the Montreal Convention, in that plaintiff's alleged injuries were caused or contributed to by the negligence or other wrongful act or omission of plaintiff; and

   d. Article 21 of the Montreal Convention, in that to the extent plaintiff's alleged damages exceed the amount of 128,821 SDRs, VAA is not liable to plaintiff because such damage was not due to the negligence or other wrongful act or omission of VAA or its servants or agents, or such damage was caused or contributed to by the negligence or other wrongful act or omission of a third party.

//
//
//

## TWENTY-THIRD AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

51. Plaintiff's claims are barred because this Court lacks personal jurisdiction over VAA.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

52. VAA alleges that it may have additional affirmative defenses available to it of which it is not now fully aware. VAA reserves its right to add those affirmative defenses which it deems necessary to its defenses during or upon the conclusion of investigation and discovery.

## RULE 44.1 NOTICE

53. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, VAA hereby gives notice that it intends to raise issues concerning the law of a foreign country in this matter, including any applicable limitation of damages which may be contained therein.

WHEREFORE, VAA prays for judgment as follows:

1. That plaintiff takes nothing by reason of her Complaint and for judgment in favor of VAA;

2. That VAA be awarded costs of suit incurred herein; and

3. For such other and further relief as the Court deems necessary, just and proper.

Dated: July 18, 2024          CLYDE & CO US LLP

By: *Kevin R. Sutherland* (signature)
Kevin R. Sutherland
Autumn E. Lewis
Celia K. Rosas
Attorneys for Defendant
VIRGIN ATLANTIC AIRWAYS LIMITED

# CERTIFICATE OF SERVICE

# STATE OF CALIFORNIA COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years, and not a party to the within action. My business address is 355 S. Grand Avenue, Suite 1400, Los Angeles, California 90071.

On July 18, 2024, I served true and correct copies of the following document(s) described as:

ANSWER OF DEFENDANT VIRGIN ATLANTIC AIRWAYS LIMITED TO PLAINTIFF'S COMPLAINT

on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

in the following manner:

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Clyde & Co US LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

☐ **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by Overnight Delivery and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of Overnight Delivery or delivered such document(s) to a courier or driver authorized by Overnight Delivery to receive documents.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address lisa.vera@clydeco.us to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 18, 2024, at Los Angeles, California.

*Lisa Vera*
Lisa Vera

SERVICE LIST

| | |
|---|---|
| Kyle P. Schneberg, Esq.<br>SCHNEBERG LAW PC<br>2916 W 164th Street<br>Torrance, California 90504 | Telephone: (310) 359-9090<br>Facsimile: 310-873-3039<br>Email: kyle@schneberglaw.com |
| Abram I. Bohrer, Esq.<br>David A. Zeitzoff, Esq.<br>BOHRER & LUKEMAN, PLLC<br>5 Columbus Circle, Suite 1501<br>New York, New York 10019<br>*Forthcoming Pro Hac Vice Application*<br><br>Attorneys for Plaintiff<br>LISA RICHARDSON | Telephone: (212) 406-4232<br>Facsimile: 212-202-4440<br>Email: abe@flightinjury.com<br>david@flightinjury.com |

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: 213 358 7600

38504023

11

ANSWER OF DEFENDANT VIRGIN ATLANTIC AIRWAYS LIMITED TO PLAINTIFF'S COMPLAINT